## Albert W. Patswald v. The United States.

1. Criminal Law—*Demurrer to Indictment—Questions Raised by.* A demurrer to an indictment goes only to the sufficiency thereof, and of the averments therein, and not to questions affecting the regularity or legality of the organization of the grand jury that returns it.

2. Same—*Indictment—Organization of Grand Jury—Questions Affecting How Raised.* By § 5110, Statutes of 1893, as amended by Session Laws of 1895, p. 196, after an indictment has been returned, questions affecting the regularity of the drawing, summoning or empanelling of the grand jury must be raised and presented by a motion to set aside the indictment; but by § 5111, Statutes of 1893, as amended by Session Laws of 1895, p. 197, such question may be raised and presented upon a motion for a new trial, where it is shown that the facts upon which objections are based were not known to the defendant or his counsel until after the jury was sworn for the trial of of the cause.

3. Same—*Change of Venue—Discretion of Court to Award or Refuse.* By § 5138, Statutes of 1893, as amended by Session Laws, 1895, p. 197, where the offense charged in the indictment is punishable with confinement in. and for a term less than life, in the territorial prison, and an application is made for a change of venue, supported by the affidavit of the accused and corroborated by five disinterested persons, that a fair and impartial trial cannot be had in the county where the indictment was returned the awarding or refusing of such change of venue is within the discretion of the court, and the action of the court, in awarding or refusing such change, will not be reversed, unless where an abuse of such discretion is shown by the record.

4. Same—*Facts Dehors the Proceedings—How Presented.* Where facts *dehors* the proceedings in the trial of a criminal cause and which may affect the regularity of such a proceeding occur, such fact must be presented to the court by motion, and must be supported by competent evidence, and the evidence as well as the motion must be incorporated in the record, or the action of the trial court in relation thereto cannot be reviewed on appeal.

*Error from the District Court of Oklahoma County.*

*John H. Pitzer, T. C. Chambers* and *Dille & Burford,* for plaintiff in error.

*C. R. Brooks, United States Attorney, T. F. McMechan* and *Roy Hoffman, Assistant United States Attorneys,* for defendant in error.

The opinion of the court was delivered by

TARSNEY, J.: The defendant, Albert W. Patswald, was indicted, tried and convicted in the district court for Oklahoma county, sitting with the powers and jurisdiction of a United States district and circuit court, for the crime of perjury, and sentenced to the penitentiary for a term of three years, and to pay a fine of $1, and the costs of prosecution taxed at $2416.15. From this judgment he appeals, assigning, as error, the action of the trial court in overruling his demurrer to the indictment; in overruling a motion for change of venue; in overruling a motion to discharge the jury, after they had been sworn, and pending the trial, and in overruling his motion for a new trial, and in arrest of judgment.

The demurrer to the indictment was properly overruled. It set forth, at length, and with sufficient clearness and certainty, all the matters and facts necessary to be alleged, to fully meet the requirements of the statute, and with the necessary averments to charge the crime of perjury. It alleged, with great clearness and with proper averments as to date, the pendency of a certain contest and cause in the United States land office at Oklahoma City; that the register and receiver of said land office had jurisdiction to hear and determine said cause; that in the trial of said cause, it became and was material to establish and prove certain facts; that said Patswald was a party to said cause; that he was duly sworn as a witness, to testify the truth in said cause; that the oath was administered by one D. D. Leach, who was register of said land office, before whom said cause was being tried; that said Leach was an officer then and there being authorized to administer said oath. The indictment further sets forth, with clearness, the

testimony given by said witness in said cause, states clearly the materiality to the issue, and by proper averments, negatives the truth of such testimony and alleges its falsity.  The indictment was not subject to objection as being indefinite, uncertain or misleading, nor as charging several offenses.  The third ground of the demurrer, "that the organization of the grand jury returning the indictment was irregular and void," cannot be raised by or considered upon a demurrer.  The demurrer goes to the indictment and the sufficiency of its averments, and not to the organization of the grand jury that presented it.  Such question must first be raised by a motion to set aside the indictment.  (Section 5110, Stat. 1893, as amended by Session Laws, 1895, p. 196).  If a motion to set aside the indictment be not made, the defendant may present objections to the drawing or empanelling of the grand jury, and such objections may be shown as grounds for a new trial, and upon a motion for a new trial, when a showing is made, that those facts were not known to the defendant or his counsel until after the jury was sworn for the trial of the cause.  (Section 5111, Stat. 1893, as amended, Session Laws, 1895, p. 197). There is nothing in this record to show how the grand jury was drawn or empanelled; and no motion to set aside the indictment was made, and nothing relating to the organization of the grand jury was made a ground, in the motion, for a new trial.  The indictment must therefore be held to be good.

II.  The objection to the action of the court, in overruling a motion for change of venue in the cause, cannot be sustained.  The application for a change of venue, based upon the grounds that the defendant could not have a fair and impartial trial in the county where the

23—v.

cause was pending, because of the bias and prejudice of the people of said county against him, was supported by his own affidavit and the affidavit of five others, residents of said county, who, upon belief, swore that defendant could not have a fair trial in said county, because of the bias and prejudice of the people thereof, against said defendant, and his defense in said action. Affidavits were filed in opposition to the application for a change of venue, made by twenty-six citizens of said county who swore that they knew of no reason why said defendant could not have and obtain a fair and impartial trial in said county, and who knew of no prejudice against him, on the part of the people of said county. Section 5138 of the Statutes of 1893, as amended, Session Laws, 1895, p. 197, provides:

"Second. If the offense charged in the indictment be punishable with confinement in and for a term less than life, in the territorial prison, and it be shown to the court, by the affidavit of the accused, corroborated by five disinterested persons, that a fair and impartial trial can not be had in such county, the court may, in its discretion, award or refuse the same; the order shall be reviewable on appeal."

This statute leaves the granting of changes of venue in the cases embraced in it, to the discretion of the court, and the court would have the right, in the exercise of that discretion, to refuse a change of venue, where *no* counter-affidavits had been filed; and where no showing was made, other than by affidavits in favor of the application. This court, although it may review the action of the court below, cannot reverse such action, unless we can say that there has been an abuse of such discretion. As the record in this cause presents the question, six persons have sworn that the defendant, by reason of bias and prejudice, could not have a fair and impartial trial;

and twenty-six other persons have sworn that no such bias or prejudice existed, and that the defendant could have a fair and impartial trial. We cannot, reasonably, be expected to hold that the action of the court below, in refusing the application for change of venue, was an abuse of its discretion which would warrant a reversal.

III. On the thirteenth day of December, 1895, a jury was empanelled and sworn to try the cause, and the trial proceeded from day to day thereafter until the seventeenth day of said month, when, in the progress thereof, the following motion was made by counsel for the defendant.

"Comes now the defendant and moves the court to discharge him, for the reason that the court has no jurisdiction to proceed further in the trial of this case, because of the fact that a session or regular term of said court had been held in another county within the jurisdiction of this district, intervening the time between yesterday morning at 11 o'clock and this time."

And the following colloquy occurred:

By Judge Pitzer, counsel for defendant: "We have some authorities."

By the court: "I don't care to hear them. The motion is overruled."

By T. G. Chambers, of counsel for defendant: "We would like to have the record show that there was a term of court held in Pottawatomie county."

By Judge Pitzer: "I desire to have the record taken down on the refusal of the court to hear authorities and the overruling of the motion of the defendant."

By the court: "Proceed with the examination."

The action of the court, in overruling said motion, is assigned as error. Whatever might be the force of the proposition, which defendant sought to present and save

by his motion, we cannot pass upon the same, because it is not properly saved or presented in the record. If such motion was predicated upon facts, *dehors* the proceedings in the trial of the cause, which facts would show that something had intervened, pending the progress of the trial, which deprived the court of jurisdiction to proceed further therein, such facts should have been presented in support of said motion and preserved in the record, that we might determine their sufficiency.

The allegation in the motion, that "a session or regular term of said court had been held in another county within the jurisdiction of this district, intervening the time between yesterday morning at 11 o'clock and this time," was not supported by any authenticated copy of the record or any proceedings of said court, held in any other county or by any certificate as to such facts, nor by any affidavit to establish such facts, and there is nothing in the record for us to consider which in any manner tends to show that the action of the court below was erroneous.

IV.    The fourth ground of defendant's motion for a new trial, for the overruling of which. error is assigned, was as follows:

"That the defendant herein was tried before an incompetent and disqualified jury, in this to-wit: That one of the jury was a partisan and actively participant in the securing of counter-affidavits in the matter of the application for a change of venue herein."

In support of this ground of the motion, for a new trial, defendant filed and presented an affidavit of one F. E. Sutton to the effect that he was acquainted with one, N. O. Taylor, who sat as a juror in the trial of said cause, and that during the time, pending the application for a change of venue, and before the trial of the cause,

said Taylor assisted in circulating counter-affidavits and petitions to be presented to the court for the purpose of resisting the application for a change of venue. If a person, called as a juror, be disqualified by reason of bias and prejudice, such disqualification should be presented to the court by a challenge of the juror and not by motion for a new trial. But waiving the question of manner in which the disqualification of the juror was sought to be presented in this case, does the record show anything which renders him disqualified? The only ground on which his disqualification was claimed is, that prior to the trial, or his being summoned as a juror he had procured affidavits to be made that there was no such bias or prejudice existing in the minds of the people of Oklahoma county that would preclude the defendant from having a fair trial therein. We do not think this even tends to show him to have had such bias or prejudice against the defendant as would disqualify him as a juror, or as tending to show that he had any bias or prejudice against the defendant. The affidavits which it is alleged he assisted in procuring were to the effect that no bias or prejudice existed such as would preclude the defendant from having a fair trial in the county; and if it did not exist in the county, it could not have existed in the mind of the particular juror.

V. The defendant, as one of the grounds upon which his motion in arrest of judgment in this cause was based, alleged in said motion that "on the 21st day of December the judge of this court, as the presiding judge in this case, went to Cleveland county and held a session of court, and returned and resumed the trial of this case, all over the objection of this defendant; that said court, in Cleveland county, was held, as shown by 'Exhibit A,'

hereto attached, and made a part of this motion." Exhibit "A," attached hereto, was as follows:

"December 24, 1896. Court convened pursuant to adjournment. Present and presiding the Honorable Henry W. Scott, Judge, W. H. Ebey, Clerk, by deputy, U. S. Marshal, by deputy, and sheriff, at three o'clock P. M."

To which was attached a certificate, as follows:

"I, W. H. Ebey, district clerk in and for Cleveland county, Territory of Oklahoma, do hereby certify that the above is a true and correct copy of the record of opening court on the date aforesaid.

"[SEAL.]                    (Signed) W. H. EBEY, Clerk.
"By TRESSA MEEK, Deputy."

No other or further proof was offered by the defendant in support of the matter set up in said motion. It will be noticed that the allegation in the motion states that, "on the 21st day of December" the judge went to Cleveland county and held a session of court and returned and resumed the trial of this defendant, while the exhibit offered in support thereof, shows whatever action it purports to show, occurred on "December 24, 1896;" but the journal entry, found in the record, conclusively shows the court engaged in the trial of this cause on the "21st day of December, 1895," both in the forenoon and in the afternoon. That on said day, and all of said day, the cause was being argued by counsel to the jury and the charge of the court was given to the jury and they retired to deliberate of their verdict.

The motion alleges the judge to have been absent from the county on the "21st day of December, 1895," on a day when the journal shows conclusively that he was not absent; and the exhibit, in support of the motion, shows his presence in Cleveland county on the "24th day of

December, 1896," more than eight months after this cause was filed in this court.

It would seem that if the liberty of the defendant was a matter of any importance, or that the objection to the proceedings of the court, on the trial, were deemed by those who made and presented such objections, to be meritorious, and deserving the consideration of this court, that there would not have been that gross carelessness in the preparation, examination and certification of the record that manifestly appears therefrom.

It is a rule, as old as the law itself, that the proceedings of a court of record must be presumed to be regular and valid unless the contrary appears from the properly authenticated record of such proceedings.

If we were permitted to presume that "December 24" was a clerical error and meant, in said exhibit, "December 21," (as we do presume, that "1896" was intended for "1895,") which we are not, because as to said "December 24" there is no impossibility or apparent ambiguity, then we are confronted with the fact that there is no certificate, endorsements or file marks thereon, which indicate that it was ever presented in court, attached to said motion, or read or considered on the hearing thereof. But, independent of these objections, and treating and considering the said exhibit as though it had been attached to said motion and read and considered by the court, we must hold that it does not prove or establish the fact contended for by counsel for defendant, namely, that after the cause of defendant had been submitted to the jury and while they were deliberating of and concerning their verdict, the judge of the court left the county of Oklahoma and went to Cleveland county and there held a session of the district court for that

county. This exhibit is not an authenticated copy of the record and proceedings of any court. It does not purport to be taken from the journal of the proceedings of the district court of the Third judicial district, sitting in and for the county of Cleveland. It does not purport to be certified to by the clerk of the district court of the Third judicial district. It does not bear and is not attested with the seal of any court, nor is there any certificate or words to indicate that the word, "seal," written thereon, was intended to represent the seal of the district court of the Third judicial district in and for Cleveland county.

We must, therefore, hold that there was not sufficient proof to establish the fact set up in said motion in arrest of judgment, and that, therefore, the question therein raised is not before us for consideration.

There appearing no substantial error, prejudicial to the defendant, in this record, the judgment of the court below must be affirmed. It is so ordered.

All the Justices concurring.