## Amos Pearce v. Territory of Oklahoma.

(Filed February 18, 1902.)

1. **CONTINUANCE—Absent Witnesses.** Where the defendant in a criminal cause makes application for a continuance on account of absent witnesses and states in his affidavit in support thereof the evidence he expects to prove by such absent witnesses and the territory consent that on the trial the facts stated in the affidavit for a continuance may be read and treated as the deposition of such absent witnesses it is not error for the court to refuse to grant the continuance. A continuance of a cause under such circumstances rests largely in the sound discretion of the trial court and will not be held as reversible error by this court unless there is a clear abuse of discretion.

2. **VENUE, CHANGE OF—Review.** Where the defendant in a criminal cause, in which the punishment is for a term less than life in the teritorial prison, makes an application for a change of venue supported by the affidavit of the accused and the affidavits of a number of other persons that a fair and impartial trial cannot be had in the county by reason of the alleged bias and prejudice of the people of that county against him, and where the territory files affidavits in opposition thereto showing that no such bias and prejudice exists and the court refuses to grant the change of venue, it will not be disturbed by this court unless it clearly appears that there is an abuse of discretion.

3. **ACCESSORY BEFORE THE FACT—Defined.** At common law an accessory before the fact is one who being absent at the time of the commission of the crime doth yet procure, counsel or command another to commit a crime.

4. **ACCESSORY—Principal—Distinction.** In this territory the distinction between an accessory before the fact and a principal, and between principals in the first degree and second degree, in cases of felony, is abrogated, and all persons concerned in the commission of a felony, whether they directly commit the act constituting the offense, or aid or abet in its commission, though not present, must be indicted, tried and punished as principals, and no additional facts need be alleged in any indictment against such an accessory than are required in an indictment against his principal.

5. **AIDER AND ABETTOR—Defined.** An aider and abettor, within the meaning of our statute, is one who advises, counsels, procures

or encourages another to commit a crime, though not personally present at the time and place of the commission of the offense.

6. **PRINCIPAL DEFINED—Jurisdicton.** Where the evidence on behalf of the prosecution shows that the defendant entered into an agreement or arrangement with one S., by which it was understood between them that S. was to steal a buggy and take it to the defendant and the defendant was to pay him a sum of money for such stolen buggy; and in pursuance of such agreement or arrangement and in furtherance of their common design and purpose, S. in company with one F. stole the buggy in question from one B. in the county in which the indictment was found and returned, and then removed the stolen property to the defendant in another county and the defendant took posession of the buggy and made a certain payment thereon to S. and F.: **Held,** That the defendant was a principal in the commission of the larceny, although the agreement or arrangement was entered into in another county and the defendant was not present at the time the stolen property was taken from the owner thereof: And further **held,** That the district court of the county in which the property was stolen had jurisdiction to indict and try the defendant as principal in the commission of said offense.

(Syllabus by the court.)

*Error from the District Court of Payne County; before John H. Burford, Trial Judge.*

*S. H. Harris* and *Frank Hutto,* for plaintiff in error.

*J. C. Strang, Attorney General,* and *Sterling P. King, County Attorney,* for defendant in error.

Opinion by the court by

HAINER, J.: The appellant was convicted in the district court of Payne county of the crime of grand larceny and sentenced to the penitentiary for five years. From this judgment and sentence he appeals to this court.

The first error assigned is that the court erred in overruling the motion for a continuance of the cause. The indictment in this case was returned on May 8, 1899. On

May 9 the defendant was arraigned and on the following day entered a plea of not guilty. On May 11 the defendant made an application for a continuance of the cause for the term on account of absent witnesses. In his affidavit for a continuance he set out the facts he expected to prove. The territory consented that the affidavit of the defendant may be read and treated as the deposition of the absent witnesses. The court then overruled the application for a continuance and set the cause for trial on May 16. On that day an application was made by the defendant for a change of venue from the county on the account of the alleged bias and prejudice existing against the defendant in that county. This applicaiton was overruled by the court. On the following day a second application for a continuance was made by the defendant on the ground of absent witnesses which the defendant claimed he was unable to procure. We think that this application was wholly insufficient since no diligence was shown to procure the absent witnesses. However, the territory again consented that the facts set out in the affidavit of the defendant might be read and treated as the depositions of such witnesses.

Section 329 of our Civil Code which applies to continuances in criminal causes provides as follows:

"A motion for a continuance, on account of the absence of evidence can be made only upon affidavit, showing the materiality of the evidence expected to be obtained, and that due diligence has been used to obtain it, and where the evidence may be; and if it is for an absent witness, the affidavit must show where the witness resides, if his residence is known to the party, and the probability of procuring his testimony within a reasonable time, and what facts he be-

lieves the witness will prove, and that he believes them to be true.  If thereupon, the adverse party will consent that on the trial the facts alleged in the affidavit shall be read and treated as the deposition of the absent witness, or that the facts in relation to other evidence shall be taken as proved to the extent alleged in the affidavit, no continuance shall be granted on the ground of the absence of such evidence."

There was no error in overruling the applications for a continuance of the cause.   (*Hyde v. Territory,* 8 Okla. 69.)

It is next claimed that the court erred in overruling appellant's motion for a change of venue.   The application for a change of venue was based upon the ground that the defendant could not have a fair and impartial trial in the county where the cause was pending.   This application was supported by the defendant's affidavit and a number of other affidavits.   The territory filed affidavits in opposition to the granting of the change of venue.   The power to grant a change of venue in such cases rests largely in the discretion of the trial court and this court will not disturb such action unless there is clear abuse of discretion.   We think the showing is wholly insufficient to entitle the defendant to a change of venue on account of alleged bias and prejudice of the people of that county against him.   No such condition of affairs existed and the application was manifestly made in order to have the cause continued for the term after an application for a continuance had been denied by the court.   This case comes within the rule laid down by this court in *Patswald v. United States,* 5 Okla. 351, in which case it was held that where the offense charged in the indictment is punishable by confinement in,

and for a term less than life, in the territorial prison, and an application is made for a change of venue, supported by the affidavit of the accused and corroborated by five disinterested persons, that a fair and impartial trial cannot be had in the county where the indictment was returned, the awarding or refusing of such change of venue is within the discretion of the court, and the action of the court in awarding or refusing such change, will not be reversed, unless where an abuse of such discretion is shown by the record.

It is next contended by counsel for appellant that the evidence is insufficient to sustain the charge alleged in the indictment.  The indictment in this case charges the defendant with the larceny of a certain top buggy of the value of ninety dollars from one Thomas M. Broyls on the 7th day of March, 1899, in Payne county, Oklahoma.  The evidence on behalf of the prosecution shows that a short time prior to the larceny of the buggy the defendant and one W. O. Stanley, had an agreement or understandnig in Ponca City, Kay county, Oklahoma, that Stanley should go to Payne county and steal a buggy and bring it to Pearce, who was then working on a ranch in the Osage country, and that Pearce would pay Stanley half the value of the buggy and that he would change the dash board and name plate for the purpose of changing its identity.  In pursuance to this agreement or understanding Stanley, in connection with one French, went to Payne county and stole a buggy in the night time from one Thomas M. Broyls and took the same to the Osage Indian reservation where Pearce was then working.  Pearce received the buggy changed the dash board and the name of the buggy on the plate and paid Stanley at the time ten dollars and French fifteen dollars.

The theory of the defense is that Pearce was guilty of receiving stolen property, knowing the same to have been stolen, and that he cannot be indicted, tried and convicted of larceny of the property. We do not think this contention is well founded. At common law an accessory is he, who is not the chief actor in a felonious offense nor present at its performance but is in some manner concerned therein either before or after the act committed. (4 Blak. Com. 34.)

An accessory before the fact is defined by Blackstone to be one who being absent at the time of the crime committed doth yet procure, counsel, or command another to commit a crime. And the same learned author in discussing this question uses the following language:

"And it is also settled that whoever procureth a felony to be committed, though it be by the intervention of a third person is an accessory before the fact. It is likewise the rule that he who in any wise commands or counsels another to commit an unlawful act is accessory to all that ensues upon that unlawful act; but is not an accessory to any act distinct from the other." (4 Blackstone 35, 1 Hale P. C. 617).

Bishop, in his work on Criminal Law, section 673, defines an accessory before the fact as follows: "An accessory before the fact is a person who will contribute to a felony committed by another as principal, while himself too far away to aid in the felonious act." Blackstone defines an accessory after the fact .to be where a person knowing a felony to have been committed receives, relieves, comforts or assists the felon. (4 Black. 37.) Bishop in section 692 of his work on Criminal Law says, an accessory after the

fact is one who knowing a felony to have been committed harbors the felon or renders him any other assistance to elude punishment.

Section 5087 of our Statutes of 1893 provides as follows:

"The distinction between an accessory before the fact and a principal, and between principals in the first and second degree, in cases of felony, is abrogated, and all persons concerned in the commission of a felony, whether they directly commit the act constituting the offiense, or aid and abet in its commission, though not present, must hereafter be indicted, tried and punished as principals, and no additional facts need be alleged in any indictment against such an accessory than are required in an indictment against his principal."

And section 5088 reads:

"An accessory to the commision of a felony may be indicted, tried and punished, though the principal felon be neither indicted or tried, and though the principal may have been acquitted."

In *Drury v. The Territory,* 9 Okla. 398, this court held that all those persons who at common law were classed as principals, principals in the first degree, principals in the second degree, and accessories before the fact, are, under our statutes, made principals. While those who were classed as accessories after the fact, are, by the terms of the statute, denominated accessories.

We think that the evidence on behalf of the prosecution proves that the defendant was a principal in the com-

mission of the theft. It shows that Pearce not only planned but procured Stanley to commit the larceny. In pursuance to this common plan Stanley went to Payne county and stole a buggy from Broyls, who had recently purchased the same, took the same immediately to Pearce who received the stolen property and made material changes in the buggy in order to conceal its identity. Under these circumstances we think clearly that Pearce is a principal in the commission of the offense although he was not present at the time the property was taken from the owner in Payne county and although the plan to steal a buggy was formed in another county. He aided and abetted Stanley and French in the commission of the theft. An aider and abettor is one who advises, counsels, procures or encourages another to commit a crime, though not personally present at the time and place of the commission of the offense.

McClain, in his work on Criminal Law, section 573 says: "To be a principal one must have taken the property or assisted in the taking, and all persons who counsel, aid and abet, or advise, are equally guilty as accessories before the fact with those who actually commit the offense." And, "One who forms or combines in the general plan and assists in receiving and disposing of the property is a principal, though not present at the taking."

In *Watson v. State,* 1 S. W. 451, the court of appeals of the state of Texas said:

"One may be a principal in a theft, though not actually present at the time of the taking, when he assists in procuring and supplying the means by which the offense is committed."

In volume 6, page 844, of the American and English Ency. of Law (second edition) it is said:

"A court having jurisdiction of the place where any overt act is committed would also have jurisdiction of the conspiracy itself, the overt act in such case being, in legal contemplation, a continuance or renewal of the illegal agreement. And it is continued and renewed as to all, whenever and wherever any member of the conspiracy acts in furtherance of the common design."

The true nature of the crime of conspiracy is well illustrated by a consideration of the rule of pleading which requires the venue in a criminal case to be laid in the county where the offense was committed in connection with what is generally regarded as an exception to this rule, namely, that in indictments for conspiracy—an offense constituted by the mere agreement, wholly independent of overt acts done pursuant thereto—the venue may be laid in any other county in which it can be proved that an overt act was done by any of the conspirators in furtherance of their common design; as, where a conspiracy was formed at sea, and an overt act done in the county of Middlesex, it was held that the venue was properly laid in that county. (*Rex v. Brisac,* 4 East 164.) This is, in strictness, because the law regards the agreement, not the mere act of agreeing, but the agreement itself, existing and influential, as the crime; and if the conspirators, or any of them, go into another county and there commit an overt act, such act is regarded as a renewal or continuance of the illegal combination, and proof of its existence where the overt act is committed. (See opinion of Marcey, J., in *People v. Mather,* 4 Wend. [N. Y.] 229, 21 Am. Dec. 122. And see *People v. Rathbun,* 21 Wend. [N Y.] 538.)

The instructions of the court upon this branch of the case were in harmony with these authorities. The court charged the jury that:

"If the defendant, Pearce, entered into an agreement or arrangement with Stanley by which it was understood between them, that Stanley was to steal a buggy and take it to Pearce, and Pearce was to pay him a sum of money for such stolen buggy; and in pursuance of such agreement and arrangement and as carrying out their common design and purpose, Stanley either alone, or in company with French stole the buggy in question from Thomas M. Broyls, in this county and territory, and carried it to Pearce in the Osage country, and Pearce took possession of the buggy and paid them for the property, then Pearce is guilty of larceny as charged in the indictment."

We think that this instruction clearly and correctly states the law applicable to this case.

There being no error in the record prejudicial to the substantial rights of the defendant the judgment of the district court is hereby affirmed.

Burford, C. J., having presided in the court below, not sitting; all the other Justices concurring.