## PEARCE v. TERRITORY OF OKLAHOMA.

(Circuit Court of Appeals, Eighth Circuit. October 27, 1902.)

No. 1,747.

1. LARCENY—ACCESSORY BEFORE THE FACT—INDICTMENT AS PRINCIPAL.

The law of Oklahoma (St. Okl. 1893, §§ 1863, 5087) abolishes the dis-tinction between accessories before the fact and principals, and provides that all persons concerned in the commission of a crime, whether they directly commit the act constituting the offense, or aid and abet in its commission, though not present, are principals, and must be indicted, tried, and punished as such, and also that no other facts need be alleged in any indictment against an accessory than are required in an indict-ment against a principal. *Held*, that under such statutory provisions an indictment for the larceny of a buggy was sustained by evidence show-ing that defendant, although 75 miles from the place where the buggy was stolen, and in another county, had previously counseled and advised one of·the persons who actually committed the theft to steal a buggy and bring it to him, promising to pay for it a portion of its value and to con-ceal the theft, and that the buggy stolen was in fact taken to and re-ceived by him pursuant to such agreement.

In Error to the Supreme Court of the Territory of Oklahoma.

S. H. Harris, for plaintiff in error.

J. C. Robberts, Atty. Gen., for the Territory.

Before SANBORN and THAYER, Circuit Judges, and LOCH-REN, District Judge.

THAYER, Circuit Judge. This case comes from the supreme court of the territory of Oklahoma. 68 Pac. 504. The plaintiff in error, Amos E. Pearce, was convicted of grand larceny in the district court of Payne county, Okl. T., on May 20, 1899, and was sentenced to be imprisoned for the term of five years in the territorial peniten-tiary of Oklahoma, which is the Kansas penitentiary situated at Lan-sing, Kan. From the conviction and sentence he took an appeal to the supreme court of the territory of Oklahoma, by which court the sentence was affirmed on January 18, 1902. Thereupon the accused brought the case to this court upon a writ of error.

The substantial question for ·our determination is whether the ter-ritory introduced any substantial evidence to sustain the charge which was laid in the indictment, and this question was raised by a gen-eral demurrer to the testimony at the conclusion of the evidence. The indictment alleged, in substance, that on March 7, 1899, in the county of Payne, in the territory of Oklahoma, one top buggy, of the value of $90, the same being the property of Thomas Broyls, the defendant, Pearce, did then and there unlawfully, feloniously, and by stealth, take, steal, and carry away, with intent to deprive the owner thereof, contrary to the form of the statute in that case made and provided. The testimony which was offered to sustain the indict-

¶ 1. Prosecution and punishment of accessories, see note to Bliss v. U. S., 44 C. C. A. 326.

See Criminal Law, vol. 14, Cent. Dig. §§ 89, 90; Larceny, vol. 32, Cent. Dig. § 55.

ment showed that the buggy in question was actually stolen by W. O. Stanley and Alfred French in Payne county, Okl.; but there was evidence tending to show that prior to the theft of the buggy these men had had a conversation with Pearce, wherein he requested them to steal a buggy and two sets of harness, telling them that if such articles were stolen and brought to him, and they would "make the price light enough, so it would be a cut between" them, he would buy the articles stolen, and change the buggy so that it would not be recognized, and that he would also conceal the buggy if he was warned at any time that any one had obtained a trace of it and was liable to discover it. The testimony further showed that Pearce also said that he preferred to have the buggy and harness stolen down in Payne county, where the buggy in question was actually stolen; that when the felony was committed the buggy was taken immediately to the defendant, and delivered to him in the Osage country, about 75 miles from the place where it was stolen; that at the time of receiving it he promised to pay the thieves $40; and that he also promised to change the name on the buggy, and to change the dashboard so that it would not be recognized.

By the laws of Oklahoma (St. Okl. 1893, § 5087), the distinction between an accessory before the fact and a principal, and between principals in the first and second degrees, in cases of felony, has been abrogated, and all persons concerned in the commission of a felony, whether they directly commit the acts constituting the offense, or aid and abet in its commission, though not present, must be indicted, tried, and punished as principals. The statute in question further provides that no additional facts need be alleged in any indictment against an accessory than are required in an indictment against a principal. The laws of the territory further provide (St. Okl. 1893, § 1863) that all persons concerned in the commission of a crime, whether it be a felony or a misdemeanor, and whether they directly commit the act constituting the offense, or aid and abet in its commission, though not present, are principals. In view of these statutory provisions modifying the common law, it is manifest, we think, that the evidence aforesaid was sufficient to warrant the jury in finding that the defendant was guilty of the offense charged in the indictment. The testimony tended to establish something more than the offense of receiving stolen property. It showed that the defendant had not only requested and counseled others to commit the larceny, but that he had shared in the spoils of the crime after it was committed. It disclosed that he was the real instigator of the crime, without whose advice it might not have been committed. Both in morals as well as in law he was as guilty as those who actually laid hands on the stolen property, although he was 75 miles distant from the place where it was taken, and in another county, and did not know the exact hour when the offense was committed. He was an accessory before the fact, according to all the definitions given of "accessories," because his will contributed intentionally to the felony, while he was himself too far away to take part in the act (Bish. New Cr. Law, § 673), and because he procured and counseled others to commit the offense, being himself absent from the scene of the crime.

4 Bl. Comm. 35. As the evidence justified a finding that he was an accessory before the fact, he was rightfully indicted, tried, and convicted as a principal, by virtue of the territorial statute.

The record further shows that the defendant requested the trial court to instruct the jury, in substance, that before they could return a verdict of guilty they must be satisfied from the evidence in the case, beyond a reasonable doubt, that the defendant participated in the commission of the offense charged in the indictment, by abetting or advising the commission thereof, "with knowledge that the parties aided or advised intended to commit the identical offense charged and described in the indictment in this case." The court refused this request, and an exception was saved; but in lieu thereof it charged the jury that, in order to convict the defendant, they must be satisfied from the evidence, beyond a reasonable doubt, that the defendant actually aided or abetted the commission of the crime charged in the indictment, and that a mere knowledge on the part of the defendant that Stanley contemplated the commission of the crime charged, or the purchase of the buggy, with information sufficient to indicate that the same had been stolen, would not warrant them in returning a verdict of guilty. In another instruction given by the trial court, and to which no exception was taken, the jury were told, in substance, that if Pearce entered into an arrangement with Stanley by which it was understood between them that Stanley was to steal a buggy and take it to Pearce, and Pearce was to pay him a sum of money for such stolen buggy, and that in pursuance of such arrangement, and in carrying out their common design, Stanley, either alone or in company with French, did steal the buggy in question from Thomas Broyls, in the county of Payne, and carried it to Pearce, in the Osage country, and Pearce took possession of the buggy and paid for it, then the accused was guilty, as charged in the indictment. We are of opinion that this latter instruction, to which no exception seems to have been taken, correctly stated the law applicable to the facts, and that the instruction aforesaid, which was asked by the defendant and refused, was properly refused. To constitute the defendant an aider and abettor, or to constitute him an accessory before the fact, it was not necessary, we think, that the defendant should have requested or advised Stanley to steal any particular buggy; but it was enough, to constitute him an accessory before the fact, that the particular kind of property to be stolen was agreed upon, and that property of that kind was stolen by the defendant's procurement and advice. Such seems to have been the view entertained by the trial court, and we think that it was correct.

Finding no error in the record that would warrant a reversal, the judgment below is hereby affirmed.