## WALTER RHEA v. STATE.

No. A-1464.    Opinion Filed April 19, 1913.

(131 Pac. 729.)

1. **LARCENY—Persons Liable—Principal and Accessory.** The law of Oklahoma (Comp Laws. 1909, sec. 2045, Penal Code, and section 6715, Procedure Criminal) abolishes the distinction between accessories before the fact and principals, and provides that all persons concerned in the commission of a crime, whether they directly commit the act constituting the offense, or aid and abet in its commission, though not present, are principals, and must be charged, tried, and punished as such. And also that no other facts need be alleged in any indictment or information against such an accessory than are required in an indictment or information against a principal.

2. **ACCOMPLICES—Testimony of Accomplice—Probative Effect.** When a defendant is convicted on accomplice testimony, and the evidence is clear and direct, this court will not reverse the judgment of the lower court, unless it is able to say that the record does not contain any evidence, independent of the testimony of the accomplice, which tends to connect the defendant with the commission of the offense.

3. **LARCENY—Sufficiency of Evidence.** In a prosecution for larceny of live stock, the evidence is held to support the verdict, and that no reversible error was committed on the trial.

(Syllabus by the Court.)

*Appeal from District Court, Okfuskee County;*
*John Caruthers, Judge.*

Walter Rhea was convicted of cattle stealing, and he appeals. Affirmed.

*C. T. Huddleston* and *Stuart, Cruce & Gilbert,* for plaintiff in error.

*Chas. West,* Atty. Gen., *Smith C. Matson,* Asst. Atty. Gen., and *H. A. King,* Spec. Asst. Atty. Gen., for the State.

DOYLE, J. Plaintiff in error, Walter Rhea, was convicted of the crime of larceny of live stock, and was in accordance with the verdict of the jury sentenced to a term of five years in the penitentiary. The information charged the stealing of three steers from the owner, J. S. Hazelwood. The judgment and sentence was entered May 13, 1911. From the judgment an appeal by case-made was perfected.

The petition sets forth various assignments of error; the only one presented in the brief is that "the verdict of the jury is not supported by sufficient evidence, and the accomplice, Bob Mitchell, is not corroborated by any sufficient evidence to sustain a conviction."

- The evidence discloses the facts in the case to be substantially as follows: The defendant had hired Bob Mitchell and Robey Lovell to steal cattle; they would butcher them on his place and sell the beef through the country, and the proceeds were to be divided equally, one-third each. On the morning

of October 18, 1910, the defendant, before leaving home to go to a circus at Weleetka, said to his employee that "he was about out of beef stuff and wanted some brought back." Bob Mitchell went to Weleetka with the defendant that day, and when about three miles from Weleetka the defendant showed Mitchell some cattle, and told him to get those on the way back. Late in the afternoon in Weleetka on the same day the defendant told Robey Lovell and Mitchell to get the cattle on their way home that night, after the circus, and told them to meet his brother Rex Rhea on Sand Mountain. About midnight that night these three met on Sand Mountain and went west about half a mile to get the cattle the defendant pointed out to Mitchell. They drove four head out, and after going about a half a mile three head got away. Then Rex Rhea went into J. S. Hazelwood's pasture and drove out three steers, and they together drove them to the defendant's place, and put them in his pasture, where he had told them that afternoon to put them. The defendant returned the next morning and asked Bob Mitchell if he got any cattle, and was told he had, and he asked, "What ones?" and was told and he said, "That is all right." The next day the defendant had Mitchell and Lovell kill one that was branded. The next night they killed another of Hazelwood's steers, and took the hide together with the first hide, and carried them to the hog pen, and the defendant poured coal oil on them and they burned them. On the Sunday following the defendant heard Hazelwood was hunting his cattle, and he sent Mitchell and Rex Rhea to tie the remaining steer in the timber in the river bottom, and that night the defendant had his employees take the steer to his east pasture. A few days afterwards Hazelwood was at the defendant's place. The defendant denied to Hazelwood of knowing anything about his cattle, and said the beef that Lovell was selling was sold by him to Lovell, and that he did not know what had become of the hides. The defendant then paid Bob Mitchell $31 and told him to leave the

country. Hazelwood found the steer that had not been killed in the defendant's east pasture.

Several witnesses testified to seeing three men driving four head of cattle along the road from Hezlewood's pasture towards the defendant's house that night, and that Robey Lovell was peddling beef through the country about that time. The heads of the two steers that had been butchered were found on the defendant's place.

The learned counsel for the defendant contend that the testimony shows beyond question that the larceny of the cattle that the defendant had advised was complete before it ever entered the minds of any of the thieves to steal Hazelwood's cattle, and that the defendant had no knowledge of the fact that Mitchell, Lovell, and Rex Rhea intended to steal Hazelwood's cattle, and that the testimony only tends to show that the defendant was guilty of receiving stolen property knowing the same to have been stolen. We do not think this contention is well founded.

At common law an accessory before the fact is one who, being absent at the time of the commission of the crime, doth yet procure, counsel, or command another to commit a crime.

"It is likewise the rule that he who in any wise commands or counsels another to commit an unlawful act is accessory to all that ensues upon that unlawful act; but is not accessory to any act distinct from the other." (Blackstone, 35, 1 Hale P. C. 617.)

It is the law of this state that:

"All persons concerned in the commission of crime, whether it be felony or misdemeanor, and whether they directly commit the act constituting the offense, or aid and abet in its commission, though not present, are principals." (Penal Code, Comp. Laws 1909, sec. 2045 [Rev. Laws, 2108].

And section 6715, Comp. Laws 1909 (Rev. Laws, 5757), Procedure Criminal provides:

"The distinction between an accessory before the fact and a principal, and between principals in the first and second degree, in cases of felony, is abrogated, and all persons concerned

in the commission of a felony, whether they directly commit the act constituting the offense, or aid and abet in its commission, though not present, must hereafter be indicted, tried, and punished as principals, and no additional facts need be alleged in any indictment against such an accessory than are required in an indictment against his principal."

We think that the evidence on behalf of the prosecution not only shows that the defendant and his employees conspired to steal cattle, and that the taking of the cattle in question was in pursuance of this common design, and that the act of the defendant in pointing out the cattle first stolen on the night in question was merely incidental to the common design, but that he assisted in concealing and disposing of the property stolen, while the original asportation was in progress. Larceny has been held to be a continuing offense, and when there is one continuing transaction, though there may be several distinct asportations in law, yet all who concur are guilty, though they were not privy to the first or intermediate act. *Brown v. State,* 7 Okla. Cr. 678, 126 Pac. 263.

In *Pearce v. Territory,* 11 Okla. 438, 68 Pac. 504, it is held:

"That the defendant was a principal in the commission of the larceny, although the agreement or arrangement was entered into in another county and the defendant was not present at the time the stolen property was taken from the owner thereof; and further held that the district court of the county in which the property was stolen had jurisdiction to indict and try the defendant as principal in the commission of said offense."

The opinion by Mr. Justice Hainer in that case presents an elaborate discussion of the question under consideration, and the doctrine therein announced on an appeal to the United States Circuit Court of Appeals was approved. *Pearce v. Territory of Oklahoma,* 118 Fed. 425, 55 C. C. A. 550. `McClain in his work on Criminal Law, sec. 196, says:

"Every one connected with carrying out a common design to commit a criminal act is concluded and bound by the act of any member of the combination perpetrated in the prose-

cution of the common design. But it is not necessary that the crime committed shall have been originally intended. Each is accountable for all the acts of the others done in carrying out the common purpose, whether such acts were originally contemplated or not, if they were the natural and proximate result of carrying out such purpose; and the question whether or not the result is the natural and probable effect of the wrongful act intended is for the jury."

And in section 573, *Id.*, says:

"To be a principal one must have taken the property or assisted in the taking, and all persons who counsel, aid and abet, or advise, are equally guilty as accessories before the fact with those who actually commit the offense. One who forms or combines in the general plan and assists in receiving and disposing of the property is a principal, though not present at the taking."

The credibility of witnesses and the weight and value to be given their testimony was a question solely for the jury's determination, and it is the settled rule of decision of this state that, if there is evidence which corroborates the testimony of an accomplice and conduces to connect the defendant with the commission of the crime, its sufficiency is for the jury to determine. *McGill v. State*, 6 Okla. Cr. 512, 120 Pac. 297; *Alderman v. Territory*, 1 Okla. Cr. 562, 98 Pac. 1026.

The defendant took the stand in his own behalf, and denied any knowledge of or participation in the theft of Hazelwood's cattle, but no explanation was offered of the incriminating circumstances surrounding the larceny, nor his possession of the stolen cattle. We think the evidence discloses a well-planned conspiracy to steal cattle, and that the cattle in question were stolen in pursuance of this conspiracy, and that the evidence independent of the accomplice's testimony is sufficient to sustain the verdict of the jury.

There being no error in the record, the judgment of the district court of Okfuskee county is affirmed.

ARMSTRONG, P. J., and FURMAN, J., concur.