# C. G. MESSER v. STATE.

No. A-8787.  April 5, 1935.
Rehearing Denied May 3, 1935.
(47 Pac. [2d] 218.)

Jordan & Evans, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J.   Plaintiff in error, hereinafter called defendant, was convicted in district court, Choctaw county, of second degree arson, and his punishment fixed at two years in the state penitentiary.

Defendant was charged jointly with A. A. Walling and J. E. Fuller with having burned a cotton gin in Hugo.

Both Fuller and Walling testified they burned the building by agreement with defendant, who promised them $75 for so doing. Defendant did not testify.

Defendant argues the evidence is insufficient for lack of corroboration of the accomplices. The trial court instructed the jury that Fuller and Walling were accomplices, and a conviction could not be had upon their testimony alone, but it was necessary for the state to corroborate them by other evidence, tending to connect defendant with the commission of the crime.

In the instant case there is evidence by different witnesses that defendant was seen talking to accomplices at different times immediately before the fire, corroborating the evidence of the accomplices that defendant talked to them at such times and places about the fire; evidence that defendant denied this when questioned by the fire marshal, but later changed his statement; evidence by a deputy sheriff that he overheard a conversation between defendant and Walling in the jail in which Walling asked about pay for burning the gin and defendant said the "other fellow" was scared and suggested there were dictaphones in the jail. This is circumstantial corroboration of Walling's testimony to the same effect.

In Moody v. State, 13 Okla. Cr. 327, 164 Pac. 676, this court held:

"Evidence corroborating an accomplice and tending to connect the defendant with the commission of the crime need not be direct, but may be circumstantial only. It is not essential that the corroborating evidence shall cover every material point testified to by the accomplice, or be sufficient alone to warrant a verdict of guilty. If the accomplice is corroborated as to some material fact or facts by independent evidence tending to connect the de-

fendant with the commission of the crime, the jury may from that infer that he speaks the truth as to all."

See, also, Wilson v. State, 24 Okla. Cr. 332, 217 Pac. 885; Key v. State, 38 Okla. Cr. 169, 259 Pac. 659; Varner v. State, 42 Okla. Cr. 42, 274 Pac. 43.

In Haas v. State, 37 Okla. Cr. 335, 257 Pac. 1115, 1116, we said:

"* * * The weight and sufficiency of this evidence is for the jury, and, when the jury has returned its verdict, this court will take the strongest view of the corroborating testimony that the evidence warrants."

See also, Rhea v. State, 9 Okla. Cr. 220, 131 P. 729.

The only other point raised by defendant is that the judgment should be set aside because the witness Walling testified without being sworn. The record recites that this witness was sworn although in the hearing on the motion for new trial he testified he was not sworn, but that his testimony was true. The record does not show any objection made at the trial for failure to swear the witness, nor that such fact, if it existed, was not known to defendant's counsel at the time. The witness was cross-examined fully and objections made to the testimony on other points.

It is well settled that error is not presumed, but must be made to affirmatively appear. If a witness is not sworn, and this fact is known to defendant's counsel, he must object at the time, or the error is waived. In Keeney v. State, 53 Okla. Cr. 1, 6 Pac. (2d) 833, it is held in syllabus 2:

"Where defendant has knowledge that witnesses testifying have not been sworn, and makes no objection until after verdict, right to have such witnesses sworn is waived."

In State v. Hope 100 Mo. 347, 13 S. W. 490, 8 L. R. A. 608, in syllabus 3 the court held: "When defendant has cross-examined a witness, he cannot object, on motion for new trial, that the witness was not sworn, where there is nothing in the record to show when the fact was discovered by defendant."

To the same effect is Goldsmith v. State, 32 Tex. Cr. R. 112, 22 S. W. 405.

We find no substantial error. The case is affirmed.

DAVENPORT, P J., and DOYLE, J., concur.