Larry Joe GOFORTH, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–94–737.

Court of Criminal Appeals of Oklahoma.

July 23, 1996.

Rehearing Denied Aug. 30, 1996.

Warren Gotcher, Gotcher & Belote, McAlester, for Defendant at trial and on appeal.

Walter Hamilton, Assistant District Attorney, Idabel, for the State at trial.

Susan B. Loving, Attorney General of Oklahoma, Sandra D. Howard, Assistant Attorney General, Oklahoma City, for Appellee on appeal.

*OPINION*

JOHNSON, Presiding Judge:

Larry Joe Goforth, hereinafter referred to as Appellant, was tried and convicted by jury for the crime of Shooting with Intent to Kill, After Former Conviction of Two Felonies, in violation of 21 O.S.Supp.1992, § 652 in Case No. CRF–93–133 in the District Court of McCurtain County before the Honorable Doug Gabbard, District Judge. The jury set punishment at life imprisonment. The trial judge sentenced accordingly. From this judgment and sentence, Appellant has perfected this appeal.

Appellant raises the following propositions of error:

1. The Appellant was wrongfully convicted in that the court erred in not swearing the witness, LaDonna Little, and the jury's verdict was based in part on unsworn testimony of LaDonna Little which is contrary to the statutes of the State of Oklahoma, 12 O.S. 2603 (sic); and

2. The court erred in allowing LaDonna Little to testify as a rebuttal witness

when she was not identified in the pretrial discovery pursuant to *Allen v. District* (sic).

▮ Inasmuch as the issues are not fact driven, a recitation of the facts is not necessary. Appellant complains that the State's rebuttal witness, LaDonna Little, was not identified in the pretrial discovery order as required by *Allen,*[1] nor was she sworn in prior to her testimony. This Court has long held that rebuttal witnesses need not be endorsed. The State is not required to give notice "because the State cannot know with certainty prior to trial what evidence may become relevant for rebuttal." *See Honeycutt v. State,* 834 P.2d 993, 997 (Okl.Cr.1992); *Freeman v. State,* 681 P.2d 84, 85 (Okl.Cr. 1984); *Lavicky v. State,* 632 P.2d 1234, 1237 (Okl.Cr.1981); *Martin v. State,* 596 P.2d 899, 901 (Okl.Cr.1979). Consequently, Appellant's second proposition of error is without merit.

As to Appellant's first assignment of error, Appellant and the State concede this Court has held that a defendant cannot complain for the first time on appeal that a *defense* witness did not give sworn testimony.[2] However, we have not addressed whether waiver applies to a *prosecution* witness.[3] The applicable statute is 12 O.S.1991, § 2603, which provides: "Every witness shall be required to declare before testifying that he will testify truthfully, by oath or affirmation administered in a form calculated to awaken his conscience and impress his mind with his duty to do so." Thus, Appellant contends that there is a mandatory duty of the trial court to administer the oath.

Appellant relies on the following language in *Keeney,* 6 P.2d at 835 to support his contention that there can be no waiver since the State called the witness and the Defendant and counsel were not aware of the failure to swear the witness until after trial:

> Our attention has been directed to various decisions wherein it has been held, in substance, that, where a witness for the state has testified without having been sworn, and where the accused and his counsel had no knowledge of such an irregularity until after the verdict, a new trial should be granted, although the error was inadvertent or accidental. (Citations omitted.)

However, Appellant neglects to mention that the Court criticized the defendant's authority stating, "[d]ecisions in civil cases we do not deem applicable ..." *Id.* The *Keeney* Court stated that "[n]o case [had] been called to [its] attention, and we have been unable to find one where a reversal has been ordered for failure to swear a defendant's witness." *Id.* In *Dunham,* 762 P.2d at 972, we restated our holding in *Keeney* that "... a defendant may waive his right to have the witness sworn where the defendant raised no objection at trial despite knowledge of the irregularity, and where the witness appeared as a defense witness." Thus, we find *Keeney* and *Dunham* distinguishable.

▮ In *Muller v. State,* 456 P.2d 903, 906 (Okl.Cr.1969), the defendant complained of jury misconduct based on alleged conversations between two members of the jury and a witness for the State. At the hearing on the defendant's motion for a mistrial based on the alleged misconduct, the trial court found, and this Court agreed, that the conversations related in no way to the matter on trial. In response to the defendant's assignment of

---

1. *Allen v. District Court of Washington County,* 803 P.2d 1164 (Okl.Cr.1990).

2. *See Keeney v. State,* 53 Okl.Cr. 1, 6 P.2d 833, 835 (1932); *Dunham v. State,* 762 P.2d 969, 972 (Okl.Cr.1988).

3. In *Pitman v. State,* 487 P.2d 716 (Okl.Cr.1971), this Court held that where no objection was made at trial to the trial court's allowing the district attorney to testify against the defendant without having been sworn as a witness, objection could not be raised on appeal. The trial court allowed the district attorney to testify on his oath as a member of the Bar. We pointed out that the defendant who was an attorney was accorded the same privilege of testifying on his oath as a member of the Bar. In *Messer v. State,* 57 Okl.Cr. 38, 47 P.2d 218, 219 (1935), the record revealed that the witness in question had been sworn, although in the hearing on the motion for new trial the witness testified that he was not sworn.

error that it was error not to swear the witness and the two jurors prior to receiving their testimony relating to the alleged conversations, this Court relied, in part,[4] on the general rule in 98 C.J.S. Witnesses § 320 e., which provides in relevant part:

> Both in civil and in criminal trials, and in administrative hearings conducted without traditional court ritual, the right to object to the failure to have a witness properly sworn may be waived by failing to object in time or by express consent.

*Muller*, 456 P.2d at 906. We believe that this general rule applies to prosecution witnesses as well as defense witnesses. We therefore hold that failure to object to any witness not having been properly sworn waives the error for appeal. *See Messer v. State*, 47 P.2d 218, 219 (Okl.Cr.1935); *Wilcoxon v. United States*, 231 F.2d 384 (10th Cir.1956); *United States v. Perez*, 651 F.2d 268 (5th Cir.1981).

We are mindful that a waiver by failure to object is predicated on the irregularity being known to the adverse party such that he could have made a timely objection. In the instant case, there is nothing in the record to show when Appellant discovered the fact that the witness was not sworn. In *Messer*, this Court cited with approval *State v. Hope*, 100 Mo. 347, 13 S.W. 490 (1890) and held: "When defendant has cross-examined a witness, he cannot object, on motion for new trial, that the witness was not sworn, where there is nothing in the record to show when the fact was discovered by defendant." *Messer*, 47 P.2d at 219. The witness in the present case was fully cross-examined by defense. On two occasions defense counsel questioned the witness' motive for testifying [asking if she were there to help her sister, the victim]. On both occasions, the witness testified that she was there to tell the truth. Defense counsel was allowed to recall the witness whose testimony was being rebutted.

Confident that no substantial rights of Appellant were violated, we find that the failure of the witness to be sworn cannot be made a basis for a reversal of the judgment. Accordingly, we affirm the judgment and sentence.

---

4. We also held that the rule of *Tapedo v. State*, 34 Okla.Crim. 165, 245 P. 897 (1926) was determinative of the issue, i.e., if the misconduct occurred before the case was finally submitted to the jury, the burden is on the defendant to show that the alleged misconduct was prejudicial to him. We denied the assignment of error, finding that the defendant's "failure to swear the witnesses and juror, or to request that they be sworn, was an omission on the part of the defendant." *Muller*, 456 P.2d at 906.