# J. L. DAVIS v. STATE.

No. A-3497—Opinion Filed March 12, 1921.

(196 Pac. 146.)

(Syllabus.)

1. **EVIDENCE—Corroboration of Accomplice.** It is not essential that evidence corroborating an accomplice shall cover every material point testified to by the accomplice, or be sufficient alone to warrant a verdict of guilty.    If the accomplice is corroborated as to some material fact or facts by independent evidence tending to connect the defendant with the commission of the crime. the jury may from that infer that he speaks the truth as to all. Such corroborating evidence, however, must show more than the mere commission of the offense or the circumstances thereof.

2. **TRIAL—Instruction as to Credibility of Witnesses.** The trial court gave the following instruction: "If you believe from the evidence that any witness has willfully and knowingly testified falsely to any material matter, then you may, if you deem proper, disregard the entire testimony of such witness, unless you find other portions of his testimony to have been corroborated by other credible evidence. or you may without such corroboration give the testimony of such witness on other points such weight and credit as you deem it entitled to." Held not to be prejudicially erroneous.

*Appeal from District Court, Payne County;*

*Chas. B. Wilson, Judge.*

J. L. Davis was convicted of grand larceny, and he appeals.    Affirmed.

*Fred A. Wagoner, Geo. B. Rittenhouse, and P. T. McVay,* for plaintiff in error.

*S. P. Freeling*, Atty. Gen., and *W. C. Hall* and *E. L. Fulton*, Asst. Attys. Gen., for the State.

MATSON, J.   Plaintiff in error, J. L. Davis, hereafter designated defendant, was informed against in the district court of Payne county, Okla., and convicted of the crime of larceny of seven joints of oil well casing, the property of the Gypsy Oil Company, of the approximate value of $300; and was sentenced to be imprisoned in the state penitentiary for a period of one year and one day.

Two errors are presented as grounds for the reversal of this judgment.

First.   That the verdict of the jury is not supported by sufficient evidence.

Under this assignment of error it is contended that the verdict is based upon the uncorroborated testimony of an accomplice or accomplices, and that there is no evidence in the record which meets the requirements of the statute (section 5884, Revised Laws 1910) that—

"A conviction cannot be had upon the testimony of an accomplice, unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it merely show the commission of the offense or the circumstances thereof."

The evidence in this case is quite lengthy,  and  the issues somewhat involved, and it would require a lengthy detail of the evidence in order to set forth the facts and circumstances appearing in the record independent of the testimony of the alleged accomplices which tend to connect defendant with the commission of this offense.   We

have carefully examined the entire transcript of the evidence, and have closely considered the testimony of each witness in its relation to the testimony of each other witness, and, while the evidence corroborative of the alleged accomplice or accomplices is not independently sufficient, perhaps, to establish the guilt of defendant beyond a reasonable doubt, it does in our opinion tend to connect defendant with the commission of this crime. and the rule in this state is:

"It is not essential that the corroborating evidence shall cover every material point testified to by the accomplice, or be sufficient alone to warrant a verdict of guilty. If the accomplice is corroborated as to some material fact or facts by independent evidence tending to connect the defendant with the commission of the crime. the jury may from that infer that he speaks the truth as to all. Such corroborating evidence, however, must show more than the mere commission of the offense or the circumstances thereof." *Moody v. State,* 13 Okla. Cr. 327, 164 Pac. 676.

Other cases in principle the same are: *Wilkerson v. State* (Tex. Cr. App.) 57 S. W. 956; *People v. Thompson,* 16 Cal. App. 748, 117 Pac. 1033; *People v. Watson.* 21 Cal. App. 692, 132 Pac. 836.

Second. It is contended that the court erred in giving the following instruction:

"If you believe from the evidence that any witness has willfully and knowingly testified falsely to any material matter, then you may, if you deem proper, disregard the entire testimony of such witness, unless you find other portions of his testimony to have been corroborated by other credible evidence, or you may without such corroboration give the testimony of such witness

on other points such weight and credit as you deem it entitled to."

For reasons given holding that the giving of substantially the same instruction as the foregoing is not reversible error, see opinion of this court in the recent case of *Peter Cole v. State,* 18 Okla. Cr. 430, 195 Pac. 901.

Judgment affirmed.

DOYLE, P. J., and BESSEY, J., concur.