## J. D. HAAS v. STATE.

No. A-5772. Opinion Filed April 23, 1927.
Rehearing Denied July 23, 1927.
(257 Pac. 1115.)

Freeling & Howard, for plaintiff in error.

Geo. F. Short, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Oklahoma county on a charge of burglary, and his punishment fixed at confinement in the state penitentiary for a term of two years.

A certain filling station and storeroom in Oklahoma City was burglarized, and automobile tires, inner tubes, and other property stolen therefrom. Defendant, J. D. Haas, James Young, Jess Whayne, and Lawrence Hood were charged with the burglary. Hood and Whayne were witnesses for the state, and testified that they, with defendant and Young, committed the burglary; that, in coming to the place where the crime was committed, they stopped at a filling station, had some work done on the headlights of the car they were driving; that, after the burglary, at the suggestion of defendant, they took the stolen property to Shawnee, with the expectation of selling it to some person there, known to defendant; that at Shawnee this person did not buy the stolen property, and it was hidden under a bridge about four miles east of Shawnee; and that later all four participating in the burglary drove out to the bridge, to get the property, and Whayne and Young got out of the automobile, and went under the bridge, and defendant and Hood remained in the automobile; and that there Whayne and Young were arrested, and defendant and Hood drove away, and were not apprehended at the time. Hood testified that, after he and defendant drove away from the bridge where the other two were arrested, they went to the home of Mrs. Clark, about four miles north of Shawnee, where they had car trouble, and stopped and telephoned for a service car. The testimony of these accomplices is corroborated by one Updegrove, who worked at the filling station where Hood and Whayne testified they stopped to have the headlights on the car

repaired. This witness testified positively that one of the four men present at the time was defendant. This was further corroborated by Dan Crowley, a special policeman, who saw the four persons at this filling station at the time of the repair on the headlights, and identified one of them as defendant. Mrs. Clark, who resided four miles north of Shawnee, testified that, at the date fixed by Hood, Hood and another man came to her house in a car, and there telephoned for a service car, which came after them, and they went away together. She couldn't identify defendant as the man with Hood at the time, but said he somewhat resembled defendant.

The defense was an alibi. Defendant denied that he was with Hood, Whayne, and Young on any of the occasions, but stated that at the time he was engaged in obtaining oil leases in the south part of Pottawatomie county, and on the night of that day, the time of the burglary, he stayed in the Imperial Hotel in Shawnee. No witness testified that he was at that time engaged in procuring these oil leases, and no one testified that he stayed that night at the Imperial Hotel in Shawnee. In view of the fact that defendant denied being in Oklahoma City at the time of the burglary the evidence of Updegrove and Crowley, identifying him as being with Young, Hood, and Whayne near the scene of the burglary, together with the testimony of Mrs. Clark, clearly corroborates their testimony under such circumstances as tends to connect defendant with the commission of the crime.

It will be seen that there is independent evidence tending to connect defendant with the commission of the crime charged, and the weight and sufficiency of this evidence is for the jury, and, when the jury has returned its verdict, this court will take the strongest view of the corroborating testimony that the evidence warrants. Alderman v. Ty., 1 Okla. Cr. 562, 98 P. 1026; Winfield v. State, 18 Okla. Cr. 257, 191 P. 609. See, also, Rhea v.

338

State, 9 Okla. Cr. 220, 131 P. 729; Deaton v. State, 7 Okla. Cr. 436, 123 P. 701; McDonald v. State, 12 Okla. Cr. 144, 152 P. 610.

The case is affirmed.

DOYLE, P. J., and DAVENPORT, J., concur.