## WILL GIFFORD v. STATE.

No. A-6153.   Opinion Filed Aug. 30, 1928.
(269 Pac. 788.)

W. W. Holloway, for plaintiff in error.

Edwin Dabney, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

DOYLE, P. J.   The information filed in the superior court of Okmulgee county March 25, 1925, in substance, charges that in said county on the 16th day of August, 1924, defendant, Will Gifford, did take, steal, and carry away one Ford touring car, the personal property of Pat Johnson.   Upon his trial, a verdict of guilty was returned, and his punishment assessed at imprisonment in the penitentiary for the term of five years. Motion for new trial was duly filed and overruled.   He has appealed from the judgment rendered on the verdict.

The first contention of counsel for the defendant is that the court erred in refusing to grant a continuance.   It appears from the record that the affidavit for continuance was filed October 22, 1925, by reason of the absence of Mrs. Jane Marsh, and alleging that "defendant expects to prove by said witness the where-

abouts of said defendant the alleged time said crime was committed."

There is nothing in the record to show that said motion was ever passed upon by the court. The record shows that, when the case was called for trial, the defendant and his attorney announced ready for trial. It follows that the question argued is not presented by the record.

It is also alleged that the evidence is insufficient to support the verdict and judgment, and that the court erred in not giving a new trial. The material and undisputed facts in the case as disclosed by the record are substantially as follows:

Pat Johnson, living at Dewar, was the owner of a Ford touring car, purchased from X. R. Gill, at Okmulgee, December 6, 1923; that on August 16, 1924, said car was stolen from the fairgrounds in Okmulgee county, and five or six days later he recovered the car through the officers of said county; that the engine number had been changed on the car after it had been stolen.

George Luttes, deputy sheriff, testified that he located the car in question at the home of the defendant, who stated to the officers that he had bought the car in Okemah, three days before; that he admitted that he had changed the numbers on the car.

X. R. Gill, Ford dealer, testified that the officers brought the car to his place in Okmulgee, and he identified the car as the one he had sold to Pat Johnson; that the motor number had been tinkered with.

M. L. Larimore, deputy sheriff, testified that he was present when the defendant said "he changed the numbers on the car," and the defendant further stated

that he had pitched the stencil he had used out in the weeds close to the big gate at his home.

J. B. Watson, registration clerk at the highway department, testified that he registered an automobile for Will Gifford or W. L. Gifford, and identified a copy of the affidavit for license for a Ford touring car, that said affidavit showed the engine number, and that the car was an Arkansas car that had been brought into this state on the 8th day of June, 1924.

As a witness in his own behalf, the defendant testified that he bought his car on Sunday from Mr. Smith of Okemah; that the next evening he received a bill of sale of the car; that it had an Arkansas tag; that he went to Oklahoma City and applied for a license, then drove back to Henryetta; that evening the officers came down and woke him up and said they were looking for a stolen car; that he went with them, and they looked the car over, and they stated that it was the car they were looking for; that he told them that he had bought it and paid for it, and showed them the bill of sale; that they tried to make him admit that it was a stolen car, and that they struck him, but he did not admit that he knew it was a stolen car.

It would serve no useful purpose to give a synopsis of the testimony of five or six witnesses who testified in support of an alibi defense. All those witnesses were before the jury in the trial court. The jury, after due consideration and deliberation, decided the issues of fact adversely to the defendant.

Where the evidence is conflicting and apparently irreconcilable, it was the exclusive province of the jury to determine whom of the witnesses to believe and whom to disbelieve, or whose testimony to disregard.

Where there is substantial evidence to support the

verdict, this court will not reverse a conviction on the sole ground of the insufficiency of the evidence.

Upon the whole record, we find no material error. It appearing that the defendant had a fair trial, the judgment appealed from is affirmed.

EDWARDS and DAVENPORT, JJ., concur.