## DONALD WELLS v. STATE.

No. A-7905. Jan. 2, 1932.
(6 Pac. [2d] 841.)

Drennan & Drennan, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J. Plaintiff in error, hereinafter called defendant, was convicted in the county court of Grant county of unlawful transportation of intoxicating liquor, and his punishment fixed by the jury at a fine of $100 and imprisonment in the county jail for a period of 30 days.

The evidence of the state was that undercover men went to the home of defendant to purchase some whisky; that he told them he did not have any whisky and sent them to another place; that, failing to get any whisky, they returned to the home of defendant; that he told them if they would wait he would go with them and get the whisky; that he served them with some bottle beer while they were waiting; that he got in his car and directed the witnesses to follow him to a certain point on the pavement and to wait there for him; that they did as directed, and stopped some distance from the house where they had previously been to get the whisky; that defendant went to the house and got a half gallon of whisky and brought it back and delivered it to them; that they paid him for it, and in the trial identified the container and the whisky as being that which they had purchased from defendant. The defense was an alibi.

Defendant contends first that the court erred in giving instruction No. 3 upon entrapment.

While the instruction is not in good form, the giving of the same was not reversible error.

Defendant next complains of the giving of that part of instruction No. 5 which reads as follows:

"And if you believe that any witness has willfully testified falsely to any material fact, you are at liberty

to disregard the whole of his testimony, except in such matters as where he is corroborated by other credible evidence."

Defendant relies on Rea v. State, 3 Okla. Cr. 269, 105 Pac. 381; Rogers v. State, 8 Okla. Cr. 228, 127 Pac. 365; and Courtney v. State, 12 Okla. Cr. 169, 162 Pac. 1134, where the cases were reversed for the giving of such instruction.

In Cole v. State, 18 Okla. Cr. 430, 195 Pac. 901, and in Davis v. State, 18 Okla. Cr. 453, 196 Pac. 146, the rule laid down in the cases relied on by defendant was expressly overruled; the court there holding that the giving of such instruction was not reversible error.

Defendant next complains that the court erred in refusing to give certain requested instructions.

The trial court on its own motion, in substance, instructed the jury upon all the matters requested by defendant, and the motion to give requested instructions was properly overruled.

Finally, defendant contends that the evidence is insufficient to support the verdict of the jury.

In his brief, defendant's argument is directed to the credibility of the witnesses, rather than the weight and sufficiency of the evidence. He argues that, since the evidence of the state was furnished by paid undercover men and the defense an alibi, this court should receive the evidence of the informers with suspicion, and, weighing the evidence, should find the issues in favor of the defendant.

The trial court gave defendant's counsel wide latitude in his cross-examination of these witnesses, and the fact that they were undercover men paid by the state was brought out, and no doubt argued by counsel to the jury.

With all of these facts before them, they found defendant guilty. We cannot now say that the evidence of those witnesses was unworthy of belief and should have been rejected by the jury—that was their exclusive province; they had a right to believe these paid informers as against the alibi, and evidently did so. There is no merit in the contention that the evidence is insufficient to support the verdict of the jury.

For the reasons stated, the cause is affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.