## OVA CONNARD v. STATE.

No. A-8659.   Aug. 3, 1934.
(35 Pac. [2d] 278.)

Stevens & Cline and J. F. Thomas, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, P. J.   Plaintiff in error, hereinafter called defendant, was convicted in the district court of Comanche county of extortion and was sentenced to serve a term of five years in the state penitentiary.   Defendant was charged jointly with his wife, Mrs. Ova Connard, and

one Carter Waid with extorting a cashier's check in the sum of $1,500 from one Eugene Barrow. The evidence is that those charged procured from Barrow a cashier's check and other property by working the old "badger game"; that Barrow called at defendant's home by appointment with him to find the defendant absent with his codefendant, Waid, only the codefendant, the wife of defendant, was at the residence, and with some feminine blandishment she engaged Barrow into a serious indiscretion in which he was not entirely reluctant. The victim, Barrow, did not spare himself in his testimony and neither defendant nor his codefendants testified. The first question argued is that the information is fatally defective. This challenge was first made by demurrer and was followed up by the introduction of testimony and by the motion in arrest of judgment. The information is under sections 2073, 2074, Okla. Stat. 1931, as follows:

"Extortion is the obtaining of property from another with his consent, induced by a wrongful use of force or fear, or under color of official right.

"Fear such as will constitute extortion, may be induced by a threat, either:

"First. To do an unlawful injury to the person or property of the individual threatened, or to any relative of his or member of his family."

The charging part of the information is:

"* * * That at and within said county and state * * * Ova Connard, Mrs. Ova Connard and Carter Waid, while acting jointly and together, then and there being did then and there, wilfully, unlawfully, wrongfully and feloniously extort from one Eugene Barrow, one cashier's check of cash value of $1,500, said cashier's check being issued by the American National Bank of the City of Lawton, said extortion being accomplished by putting the said Eugene Barrow in fear of receiving great bodily harm at the

hands of the defendants and said defendants threatening to take the life of the said Eugene Barrow, contrary, etc. * * *''

This information attempts to charge extortion by putting in fear by threat to take the life of Barrow. It wholly lacks any allegation that the property was obtained from prosecuting witness with his consent. That the property was obtained with the consent of the prosecuting witness is an essential allegation, since consent is one of the elements of the crime. Section 2073, supra. One of the distinguishing features between extortion by threats and robbery is that of consent or against the will. Section 2542, Okla. Stat. 1931.

This court follows the liberal rule of pleading in criminal cases and has many times held that words used in a statute to define a public offense need not be strictly pursued in an information. Martin v. State, 35 Okla. Cr. 248, 250 Pac. 552. It is generally said that an information which states the facts in ordinary and concise language and in such a manner as to enable a person of ordinary understanding to know what it intended is sufficient. Scott v. State, 40 Okla. Cr. 296, 268 Pac. 312, and Garner v. State, 51 Okla. Cr. 368, 1 Pac. (2d) 787. But this rule does not permit the omission of allegations of the essential elements of the crime, either in terms of the statute or by words of similar import. Buffo v. State, 4 Okla. Cr. 516, 113 Pac. 233; Petitti v. State, 7 Okla. Cr. 12, 121 Pac. 278; Saddler v. State, 36 Okla. Cr. 412, 255 Pac. 719; Pettibone v. United States, 148 U. S. 197, 13 S. Ct. 542, 37 L. Ed. 419. In the latter case Chief Justice Fuller stated the rule as follows:

"The general rule in reference to an indictment is that all the material facts and circumstances embraced in the definition of the offense must be stated, and that, if any

essential element of the crime is omitted, such omission cannot be supplied by intendment or implication."

The contention is also made that the court erred in permitting the state to prove a similar offense at the same place, committed in the same way about a year before upon another person. The parties, the place where committed, the manner in which it was committed, and the circumstances are such that it falls under the exception allowing proof of other offenses to show scheme of criminal action.

Since the information fails to allege an essential element of the crime sought to be charged, it is insufficient and the court erred in overruling the demurrer.

The case is reversed.

DAVENPORT, J., concurs. CHAPPELL, J., dissents.