SAM HENSON v. STATE.

No. A-9640. April 25, 1940.
(101 P. 2d 1060.)

Sigler & Jackson, of Ardmore, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for defendant in error.

JONES, J.  Sam Henson, Charley Thatcher, and Henry Russell were jointly charged in the district court of Carter county with the offense of grand larceny; a severance was granted; the defendant Sam Henson was tried, convicted, and sentenced to serve a term of one year and one day in the state penitentiary, and has appealed to this court.

The codefendants, Henry Russell and Charley Thatcher, testified against the defendant.  The chief contention relied upon by the defendant for reversal of this case is that there is not sufficient corroboration of the testimony of the accomplices to sustain the conviction.

In order to fairly consider this question a short summary of the testimony presented by the state should be given.

O. A. Brook, president of the Brook-Owen Company, testified that on or about April 9, 1938, about 10,000 Lucky Strike, 10,000 Camel, and 5,000 Twenty Grand cigarettes,

of the approximate value of $160 or $170 were stolen from the company's warehouse at Healdton, in Carter county, Okla.

Charley Thatcher testified that he was at Fort Sill, Okla., serving a term for desertion from the United States Army; that on April 9, 1938, he was living at Healdton; that he had known the defendant about four years; that on the 9th of April, 1938, he met the defendant at a room of his brother's over at Mr. Owensby's and that he, together with the defendant, Randolph Murray and Henry Russell, planned to steal some cigarettes from the Brook-Owen wholesale warehouse that night; that Sam Henson and Randolph Murray parked the defendant's car about one block north of the warehouse; and he and Russell went into the warehouse between 9:30 and 10 o'clock; that they went to the back of the warehouse and shoved the cigarettes out the back door and then locked the door and came out the front; that they took two cases of cigarettes; that the defendant and Murray took the cigarettes in the defendant's black Studebaker sedan, and they drove up near County Line out to Tatum; that Sam Henson and Randolph Murray went to Joe Carter's and sold the cigarettes and returned to where he and Henry Russell were waiting and gave them $12.50 apiece as their part of the proceeds from the sale of the cigarettes.

Henry Russell, codefendant, testified to substantially the same state of facts as related by Charley Thatcher; and, in addition, related that his brother-in-law was the nightwatchman at the warehouse, and that they were to go into the warehouse and turn on the radio very loud so that the brother-in-law would not hear them moving the cigarettes out the back door.

Joe Carter testified that he operated a grocery store in Tatum, in Carter county; that on the night of April

10, 1938, the defendant and Randolph Murray came to his place with some cigarettes and tobacco; that they had about 78 cartons of cigarettes, for which he paid them $105; that he also bought some Brown Mule, some Prince Albert, some R. J. R., and some Bull Durham tobacco; that he had been twice convicted of violating the liquor laws. This witness was positive in his statement that the defendant came to his place of business and sold him the cigarettes; however, he admitted on cross-examination that at the preliminary hearing he denied seeing the defendant there with Murray on that occasion or at any other time; that Randolph Murray stated to him at the time of the sale that they were in the grocery business.

Floyd Randolph testified that he was the sheriff of Carter county at the time of the commission of this offense; that the theft of the Brook-Owen warehouse was reported to him and an investigation was made; that on May 19, 1938, Joe Carter brought to the county jail at Ardmore one full case of Lucky Strike, 20 cartons of Twenty Grand, and an almost full case of Camel cigarettes; that the cigarettes were identified by the Brook-Owen Company as being some of the ones that were stolen from them.

Howard Thatcher testified that he was a brother of Charley Thatcher; that he had a room at Mr. Owensby's; that he had known Sam Henson about six or seven years; that Sam Henson and Randoph Murray came to his room about April 9, 1938, in a black car; that Charley Thatcher and Henry Russell were there; that the four men got in Henson's car and left.

George Owensby testified that on April 9, 1938, Sam Henson and Randolph Murray came to his house where Henry Russell and Charley Thatcher were visiting with

Howard Thatcher; that the defendant and the codefendants were all there together at that time.

A. L. Bray testified that he lived at Healdton, near Mr. Owensby's house; that in the early part of April, 1938, he saw Sam Henson, Randolph Murray, Bob Russell, and another man in a car about eight o'clock at night there at Owensby's house.

In the case of Bliss v. State, 47 Okla. Cr. 225, 287 P. 778, this court held:

"Evidence corroborative of an accomplice need not directly connect the defendant with the commission of the crime; it is sufficient if it tends to connect him with its commission.

"Evidence corroborating an accomplice and tending to connect the defendant with the commission of the crime need not be direct, but may be circumstantial only.

"It is not essential that the corroborating evidence shall cover every material point testified to by the accomplice or be sufficient alone to warrant a verdict of guilty. If the accomplice is corroborated as to one material fact or facts by independent evidence tending to connect the defendant with the commission of the crime, the jury may from that infer that he speaks the truth as to all. Such corroborating evidence, however, must show more than the mere commission of the offense or circumstances thereof."

See, also, in this connection the cases of Moody v. State, 13 Okla. Cr. 327, 164 P. 676; Davis v. State, 18 Okla. Cr. 453, 196 P. 146; Hollingshead v. State, 21 Okla. Cr. 306, 207 P. 104.

The testimony of Howard Thatcher, A. L. Bray, and George Owensby all connect the defendant Sam Henson with the other codefendants as being together in Sam Henson's automobile the night the theft was committed.

Joe Carter's testimony directly connects him with possession of the property which had just been stolen.

The jury was given proper instructions concerning the necessity for corroboration of the testimony of the accomplices; and we hold that the testimony is amply sufficient to sustain the conviction.

Finding no material error in the record, the judgment of the district court of Carter county is accordingly affirmed.

DOYLE, P. J., and BAREFOOT, J., concur.