## VIRGIL EDSON v. STATE.

No. A-10159.    June 23, 1943.

(139 P. 2d 198.)

Sigler & Jackson, of Ardmore, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for defendant in error.

JONES, P. J.   The defendant, Virgil Edson, was charged in the district court of Carter county with the

crime of burglary in the second degree, was tried, convicted and sentenced to serve five years in the State Penitentiary and has appealed.

It is first contended that the court erred in not sustaining a motion for an instructed verdict of acquittal for the reason that there was a material variance between the allegations of the information and the proof.

That part of the information in question alleges that the defendants did break and enter in the nighttime "a certain store building of one Excelsior Laundry, located at 15 A.S.E., the said building being the property of the said Excelsior Laundry * * *."

In the trial of the case all of the witnesses testified that the building was known as the Excelsior Laundry building.

W. E. St. John testified that he was one of the owners of the Excelsior Laundry; that the laundry belonged to him and Phillip Spears. That the name Excelsior Laundry is the trade name under which they operate.

One of the witnesses for the state testified that he was employed by the "Excelsior Laundry." The proof is definite that the correct description of the building by street number as 15 A.S.E. is correct.

It is the contention of the defendant that the information is defective in not alleging that the Excelsior Laundry was a partnership and giving names of the partners, and that when the proof developed that this laundry was owned by two individuals and the name "Excelsior Laundry" was merely a trade name, there was a material variance between the allegations of the information and the proof.

22 O.S. 1941 § 406 provides:

"When an offense involves the commission of, or an attempt to commit a private injury, and is described with sufficient certainty in other respects to identify the act, an erroneous allegation as to the person injured, or intended to be injured, is not material."

In construing and applying this statute in larceny, burglary, forgery and other cases, this court has sustained informations similar to the one in question and has held variances such as here disclosed as not material.

In Gunter et al. v. State, 16 Okla. Cr. 476, 184 P. 797, an information alleging that defendant stole coal, "the property of the D. Beams Drilling Company," was held a sufficient allegation of the ownership of such property where defendant insisted that the information should allege whether said company is a corporation or a partnership, and if a partnership to give the individual names of the members.

In Reniff v. State, 53 Okla. Cr. 448, 13 P. 2d 592, the court held that there was not a material variance where the information charged a forged check was negotiated with the Lawton Tire Company and the proof showed that it was passed to the Lawton Tire Shop.

For other cases see: Lewis v. State, 73 Okla. Cr. 172, 119 P. 2d 91; Wells v. Territory, 1 Okla. Cr. 469, 98 P. 483; Smith v. State, 34 Okla. Cr. 318, 246 P. 883; Martin v. Territory, 4 Okla Cr. 105, 43 P. 1067; Hawkins v. State, 55 Okla. Cr. 396, 32 P. 2d 101; Garner v. State, 51 Okla. Cr. 368, 1 P. 2d 787; Keasler v. State, 38 Okla. Cr. 255, 259 P. 1059.

This court cannot see where the defendant was misled by the allegations of the information. With the correct

street number given and the name by which the laundry company was generally known inserted in the information, the defendant was enabled to prepare his defense, and we think the information is sufficiently definite to protect the defendant against a future proceeding.

It is next contended that the court erred in refusing to exclude the testimony of Oliver Craighead and George Lane from the consideration of the jury. These two witnesses were codefendants and testified on behalf of the state against the defendant. They each testified that they had known the defendant previously and just prior to the burglary had come to Ardmore and rented a cabin at a tourist camp operated by defendant's father where the defendant was staying. That defendant had selected the building which they intended to burglarize, and on the afternoon before the burglary had walked past the building with them so that they might become familiar with how the crime should be committed. That the defendant Edson and Lane pried open a window and entered the building while Craighead remained on the outside to give warning if anybody approached. They each described the tools which were used and the articles which were stolen from the building, including the money which was divided equally between the three.

On cross-examination of each of these witnesses counsel for the defendant brought out the fact that each of them had told him the day before the trial, while they were in jail, that Virgil Edson, the defendant, did not have anything to do with the burglary, and that they were testifying because of fear that the county attorney would prosecute them for perjury unless they testified against defendant. On redirect examination the witnesses each reiterated that the story of the burglary they told on the witness stand

implicating the defendant was true, and that they had each testified in preliminary hearing to the same state of facts and had previously testified in the district court in which they related the same facts as they related in the trial of the instant case. They further stated that the county attorney told them that all he wanted them to testify was the truth. The testimony of these two witnesses was given in detail and to this court it has the ring of truthfulness as to who committed the crime.

This question as to whether the fact that a witness admits that his testimony is given under such circumstances as might constitute duress and thus require the court, as a matter of law, to exclude it from the consideration of the jury, has not been presented to this court for an opinion so far as the author is advised. At least, neither counsel for the state nor the defendant have cited any authorities from this state on this question. Counsel for defendant cite the case of Ford v. United States, 8 Cir., 259 F. 552, while the Attorney General entirely ignores this question in his brief.

We have repeatedly stated that the jury has the power to determine the weight and credibility which they shall give to the testimony of each witness. The attorney for the defendant was therefore within his rights in bringing out the fact that these witnesses had made a former statement to him different from the one related by them on the witness stand and to further show the circumstances under which their testimony was given for the purpose of affecting their credibility. Whether a witness has been discredited is a question of fact and not of law. It was the jurors' duty to consider all of the circumstances surrounding the testimony of these two witnesses and give such evidence the weight to which, in their opinion, as con-

scientious jurors seeking to ascertain the truth, they believe it to be entitled. Gifford v. State, 41 Okla. Cr. 8, 269 P. 788; Green v. State, 39 Okla. Cr. 231, 264 P. 215.

Counsel for defendant in a supplemental brief present a proposition which was not urged in their original brief, to wit, that the evidence of the two accomplices was not sufficiently corroborated so as to justify the court in sustaining the conviction.

The commission of the burglary by prying open a window, entering the building and stealing money and other personal property contained therein is proved. Walter Stalling and his two daughters testified that they were acquainted with the defendant Edson and had known him for several years. Stalling was employed by the Excelsior Laundry. About 5:30 or 6 p. m. on the afternoon preceding the burglary in the nighttime, the two daughters of Stalling came to the laundry after their father. These people testified that while they were there on that occasion that the defendant Edson and two other men walked by the laundry. That it was nearly dusk when this occurred and the two people with the defendant were strangers to them and they were unable to identify these parties.

Ruel Walker testified that he walked by the Excelsior Laundry between 8 and 9 p. m. and saw a person standing there in front of the laundry by himself and identified one of the two accomplices as this person. He stated further that he heard noises on the inside of the building, but did not know what made the noise.

The officers testified that in making an investigation of the burglary, they found a clear imprint of one of the burglar's shoes just beneath the window through which

the burglars had entered the building. That after the defendant and the two accomplices were arrested, they removed the shoes from each of them and that the boot shoes of the defendant Edson exactly fitted into the imprint left by one of the burglars at the window and that neither of the shoes of the two codefendants fitted into the track. The officers further testified that when they discussed the crime with the defendant Edson, he told them that he canned the job. When the defendant was asked to explain what he meant by this, the officers said the defendant stated that he did not go into the building himself but he showed the accomplices the spot and went over the situation with them.

A conviction may not stand upon the uncorroborated testimony of an accomplice. The corroboration is not sufficient if it merely shows the commission of an offense or the circumstances thereof. 22 O.S. 1941 § 742.

If the accomplice is corroborated, however, as to some material fact or facts by independent evidence tending to connect the defendant with the commission of the crime, the jury may from that infer that the accomplice speaks the truth as to all. Davis v. State, 18 Okla. Cr. 453, 196 P. 146; Moody v. State, 13 Okla. Cr. 327, 164 P. 676; Hathcoat v. State, 71 Okla. Cr. 5, 107 P. 2d 825.

In Haas v. State, 37 Okla. Cr. 335, 257 P. 1115, this court said:

"Where there is evidence in corroboration of an accomplice, tending to connect a defendant with the commission of the crime charged, the sufficiency of such corroborating evidence is for the jury."

In Key v. State, 38 Okla. Cr. 169, 259 P. 659, this court held:

"Where the sufficiency of the evidence to corroborate an accomplice is challenged, this court will take the strongest view of the corroborating testimony that such testimony will warrant, and, if it can say that there is corroborating evidence tending to connect the defendant with the commission of the offense, it will uphold the verdict."

In applying this test, as can be seen from the short review of the corroborating testimony above given, there is sufficient corroboration to sustain this conviction. The defendant's own admissions of facts showing guilt, together with the fact that his boot shoes exactly fitted the track of the burglar, and the circumstances of his being seen at the laundry building by Stalling and his two daughters, which refuted the alibi of the defendant, are sufficient corroboration under the law. The defendant did not testify but his defense was in the nature of an alibi.

It is our conclusion that there are no material errors and that the judgment of conviction should be affirmed.

It is so ordered.

BAREFOOT, J., concurs. DOYLE, J., absent and not participating.