## W. H. BRUMLEY v. STATE.

No. A-10792.   Nov. 26, 1947.

(187 P. 2d 261.)

F. L. Welch, of Antlers, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., and Ralph K. Jenner, County Atty., Choctaw County, of Hugo, for defendant in error.

BAREFOOT, P. J. W. H. Brumley was charged in the district court of Choctaw county with the crime of grand larceny; was tried, convicted and his punishment fixed at one year in the State Penitentiary. Motion for new trial was filed, considered, overruled and exception saved, and the defendant has by petition in error with case-made attached appealed to this court.

The defendant was charged jointly with Wilbur Brians and Mrs. Wilbur Brians with having, on March 21, 1944, taken from the automobile of Mrs. Charlie Hopson, in Fort Towson, Choctaw county, two cases, containing three rolls of film and one loud speaker, of the value of $200.

The case here under consideration was tried on April 16, 1946. From the record, it appears that Wilbur Brians and his wife entered pleas of guilty to the charge, and were each sentenced to serve one year in the State Peni-

tentiary. Their terms had been served prior to this trial. Both testified for the state.

Wilbur Brians testified that both he and his wife were drug addicts, and that, on the date of the crime charged, the defendant was also using drugs, but on the date of the trial defendant was not an addict.

All three defendants lived at Ada, Okla. They left there some time late in the afternoon of March 21st, and in the course of the evening and early morning, visited not less than eight towns in southeastern Oklahoma, and at each place contacted, or attempted to contact, a doctor or doctors, claiming that Mrs. Brians was ill. They were in the defendant's automobile, and he seems to have done all of the driving.

At Hugo, after making two or three stops and not being able to get any drugs, they picked up one Charles Green, who went with them to Fort Towson, for the purpose of seeing Dr. H. L. Boyer, whom Mr. Green knew. There they parked the car and Green remained in the car, while the other three went to a cafe and telephoned Dr. Boyer at his home and asked him to come to his office. The doctor came down, but refused to give Mrs. Brians a dose of morphine. The four then went to Idabel, Valliant, Wright City, and back to Hugo, and Charles Green went home. The other three then returned to Fort Towson and attempted to locate the home of Dr. Boyer. The Doctor had driven down to his office in a pick-up truck. Mrs. Hopson lived directly across the street from Dr. Boyer, and her father had a pick-up truck, which was parked in the driveway.

Wilbur Brians testified that they circled the block two or three times, the defendant driving the car, and then

the witness got out and broke the glass of a Ford coupe parked just back of a pick-up truck, thinking that it was the doctor's car, and took therefrom what he thought was a "doctor's satchel." The three drove about half a mile west of town and discovered that the "satchel" contained a loud speaker for a moving picture machine. They set it out by the side of the road, and drove back to Mrs. Hopson's home. The witness again got out of the car and took the other satchel from the same automobile. After they had driven out of town, they found that the second bag contained "show film," and they threw it off a bridge, about a mile and a half west of town.

This testimony was corroborated in every particular by Mrs. Brians.

Charles Green testified that the three came to his home about 7 o'clock in the evening and that he went with them to Fort Towson, then to Idabel, Valliant, and Wright City, after which they took him back to Hugo. He had known the defendant a number of years, but had not met the Brians until this date. He testified that they contacted or attempted to contact doctors at each of the towns where they stopped. About a week later, witness learned of the property of Mrs. Hopson being stolen, and made a trip to Ada and talked with the defendant about it, and contacted the sheriff after his return to Hugo.

Byrd Collins, a deputy sheriff of Choctaw county, testified that after receiving notice of the loss of the property in question, he learned that some parties had telephoned Dr. Boyer from a cafe on the night in question; he saw Dr. Boyer and then went to Hugo and talked to Charles Green, who told him who had been with him in Fort Towson. Green went with the witness, and they found the film

in a creek, where it had been thrown from a bridge, a mile and half west of Fort Towson.

Dr. H. L. Boyer was in Lincoln, Ark., at the time of the trial, and had been there for more than a month. The county attorney introduced a praecipe for subpoena filed in the case against the defendant on April 4, 1946. Byrd Collins testified positively that Dr. Boyer was out of the state and that he was in Lincoln, Ark. Emma Andrews, reporter in the office of the county attorney, testified that she mailed a letter to Dr. Boyer, at Lincoln, Ark., in which she advised him the date of the trial, and enclosed a subpoena for his appearance. Upon this showing, over the objection of the defendant, the trial court permitted the testimony of Dr. Boyer, given at the preliminary examination, to be read to the jury.

Dr. Boyer testified that he was called to his office between 9 and 10 o'clock, on the night in question, and saw the defendant and Mr. and Mrs. Brians. That the defendant stated that Mrs. Brians was his sister, that they were traveling, and she was ill and needed some morphine. When the doctor saw the arm of Mrs. Brians he realized she was an addict, and refused to give her the medicine, and the three left his office. He did not know any of them. He knew Charles Green, but did not see him upon this occasion.

Verlie Hopson testified that she lived directly across the street from Dr. Boyer, in Fort Towson; that she owned a Ford coupe in which, on the night in question, she left a moving picture speaker and films of the value of about $300; that the car was locked; that during the night the glass was broken in the car, and the speaker and film stolen therefrom. She further testified that her father owned a Ford pick-up, which was parked on the night

in question directly in front of her coupe; that Dr. Boyer owned a Dodge pick-up. That a boy found her loud speaker on the highway, in a ditch, and that Byrd Collins and someone found the films in a creek.

The defendant did not offer any testimony whatever.

The petition in error follows the motion for new trial, and makes the usual allegations of error. In addition thereto, defendant sets out as error the action of the trial court in admitting the testimony and evidence of Dr. Boyer, given on preliminary hearing; that the court erred in holding and ruling that there had been sufficient corroboration of the evidence of the admitted accomplices of the defendant to authorize and justify the giving of the case to the jury; and that the court failed and refused, upon timely request therefor by defendant, to instruct the jury that a case had not been made out against defendant and to return a verdict of not guilty.

Under the authority of the case of Tobin v. State, 49 Okla. Cr. 265, 293 P. 575, the state had only the burden of showing that the witness Dr. H. L. Boyer was out of the state at the time of the trial in order to lay a predicate for the admission of the testimony given at the preliminary hearing; and we are of the opinion that the proof made in this case was sufficient.

In the case of Brown v. State, 81 Okla. 314, 164 P. 2d 401, 404, this court said:

"If a witness has testified at a former trial, or at a preliminary hearing, and the defendant had an opportunity to cross-examine him, and when the case comes on for trial again it is satisfactorily proven that said witness is dead, or out of the state, or is insane, or that his whereabouts cannot with due diligence be ascertained, or is sick and unable to testify, the testimony of such witness,

given upon said former trial, may be proven upon the subsequent trial. And the constitutional provision which guarantees to the defendant the right to be confronted by the witnesses against him, is fully complied with when he has had the right to cross-examine said witnesses at the former trial."

The record in this case not only shows that this witness was cross-examined by the attorney for the defendant, but indicates that the defendant himself propounded some questions to Dr. Boyer.

It is next contended that there was not sufficient corroboration of the evidence of the admitted accomplices of the defendant to authorize and justify the giving of the same to the jury.

This court has often held that a conviction may not stand upon the uncorroborated testimony of an accomplice, and the corroboration is not sufficient if it merely shows the commission of an offense, or the circumstances thereof. 22 O. S. 1941 § 742. However, if the accomplice is corroborated as to some material fact or facts by independent evidence tending to connect the defendant with the commission of the crime, the jury may from that infer that the accomplice speaks the truth as to all. Davis v. State, 18 Okla. Cr. 453, 196 P. 146; Moody v. State, 13 Okla. Cr. 327, 164 P. 676; Hathcoat v. State, 71 Okla. Cr. 5, 107 P. 2d 825; Edson v. State, 77 Okla. Cr. 100, 139 P. 2d 198.

In Haas v. State, 37 Okla. Cr. 335, 257 P. 1115, this court said:

"Where there is evidence in corroboration of an accomplice, tending to connect a defendant with the commission of the crime charged, the sufficiency of such corroborating evidence is for the jury."

And in Key v. State, 38 Okla. Cr. 169, 259 P. 659:

"Where the sufficiency of the evidence to corroborate an accomplice is challenged, this court will take the strongest view of the corroborating testimony that such testimony will warrant, and, if it can say that there is corroborating evidence tending to connect the defendant with the commission of the offense, it will uphold the verdict."

In applying this test, as can be seen from the short review of the corroborating testimony of the witnesses Charles Green, Byrd Collins, deputy sheriff, Mrs. Hopson and Dr. Boyer, we are of the opinion that there is sufficent corroborating testimony to sustain this conviction.

After the state had rested, and the demurrer of the defendant to the evidence had been overruled, the defendant requested the court to instruct the jury that a case had not been made out against the defendant, and that in the opinion of the court it should return a verdict of not guilty for that reason. This motion was by the court overruled; and the defendant assigns this action as error. We find no error in this ruling of the court.

We have examined the instructions given by the court, and find them to be applicable to the law and the facts. Defendant did not object to any of the instructions given, and offered no additional instructions.

On the record before us, we have found no error which would warrant a reversal of the judgment, and the judgment and sentence of the district court of Choctaw county is therefore affirmed.

JONES and BRETT, JJ., concur.