**David Wesley YODER, Jr., Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–16227.**

Court of Criminal Appeals of Oklahoma.

Feb. 2, 1972.

Carroll Samara, Oklahoma City, for plaintiff in error.

Larry Derryberry, Atty. Gen., Michael Cauthron, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

David Wesley Yoder, Jr., hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County for the offense of Extortion; his punishment was fixed at three (3) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

Because of the propositions asserted, we do not deem it necessary to recite a detailed statement of facts. Suffice it to say that the evidence on behalf of the State adduced that the defendant contacted his

ex-common law wife and threatened to release and distribute certain lewd photographs of her which he had taken during their marriage relationship unless she delivered to him a television set, stereo, range, refrigerator and a promissory note. She contacted the police and the defendant was apprehended prior to the delivery of any of the items. The defendant denied making any threatening statements to the complaining witness and denied having any lewd photographs of her.

 The defendant asserts five propositions of error, only one of which is necessary to discuss. The defendant asserts that the verdict of the judgment is contrary to law and that the trial court failed to sustain defendant's demurrer to the Information. Defendant argues that the Information is defective for the reason that no charge or allegation is made that any property was exchanged or delivered with the consent of the complaining witness. This proposition is well taken. Extortion is defined in 21 O.S., § 1481 as follows:

"Extortion is the obtaining of property from another with his consent, induced by a wrongful use of force or fear, or under color of official right."

Section 1482 defines threats constituting extortion as follows:

"Fear such as will constitute extortion, may be induced by a threat, either:

"1st. To do an unlawful injury to the person or property of the individual threatened, or to any relative of his or member of his family; or,

"2nd. To accuse him, or any relative of his or member of his family, of any crime; or,

"3rd. To expose, or impute to him, or them, any deformity or disgrace; or,

"4th. To expose any secret affecting him or them."

In Connard v. State, 56 Okl.Cr. 134, 35 P.2d 278, we stated:

"This information attempts to charge extortion by putting in fear by threat to take the life of Barrow. It wholly lacks any allegation that the property was obtained from prosecuting witness with his consent. That the property was obtained with the consent of the prosecuting witness is an essential allegation, since consent is one of the elements of the crime. Section 2073, supra. One of the distinguishing features between extortion by threats and robbery is that of consent or against the will."

In the instant case there was no evidence that any property was delivered to the defendant by the complaining witness with her consent. These are essential elements which must be alleged and proved and induced by a wrongful use of force or fear or under color of official right to constitute the offense of extortion. In Booker v. State, Okl.Cr., 312 P.2d 189, we stated:

"The information not being sufficient to justify a charge of murder, it was the duty of the court to eliminate murder from the consideration of the jury. Though it is the recognized duty of the trial court to instruct the jury upon every element of crime that the evidence tends to establish, it is likewise his duty to confine his instructions to that which the evidence supports. In the instant case had the first question been properly ruled upon, this question would not have been raised, but since there was no evidence of murder it would constitute error to instruct upon the same, providing proper or timely exception had been made. The record does not reflect that the defendant objected or took exception to the court's instructions. However, we do not feel called upon to discuss this matter further as it is not likely to recur upon a retrial of this cause. It is contended by the state that the defendant was not prejudiced by the errors discussed herein, and that the verdict was for manslaughter, which the evidence amply supported, and not murder, as charged in the information, and that they should be passed off as harmless errors. With this we cannot agree. As

far as this court has been able to determine the question raised herein is of first impression and it must be met head on, and decided with such clarity that this court will not be called upon again to review the same. The doctrine of harmless error will become intolerable if invoked in cases such as the one before us now. The court has stood squarely for the doctrine of harmless error but it is equally committed to the doctrine that fairness and strict compliance with rules of evidence must prevail in all criminal cases."

In conclusion we observe that the evidence supports the filing of an amended Information charging the defendant with 21 O.S., § 1487.

The judgment and sentence is accordingly reversed and remanded.

SIMMS and BRETT, JJ., concur.